N. PORTER v. THE STATE.

*No. 668. Decided April 24.*

1. County Court—Special Terms to Receive Pleas of Guilty—Legislative Act—Caption.—The Act of April 4, 1891, authorizes County Courts to hold special terms to receive pleas of guilty. *Held*, the caption of said act, viz., "An act to facilitate the disposition of certain criminal cases," clearly indicates and embraces the subject matter of the act.

2. **Information—County Convict—Escape from Hirer.**—The Penal Code, article 218, provides, that "any person who has been convicted of a misdemeanor or petty offense, and afterwards hired out under authority of law, who shall escape from his employer, or person hiring him," shall be punished, etc. *Held,* that an information for this offense which does not charge that the accused had "been convicted of a misdemeanor," etc., but instead charges that he was a "county convict," is sufficient, inasmuch as article 3586, Revised Statutes, defines a county convict to be "any person who may have been convicted of a misdemeanor or petty offense."

3. **Same.**—The gist of the offense denounced by article 218, Penal Code, is, that the convict has willfully and voluntarily left the services of his hirer. *Held,* that where it appears that he left with the consent of the hirer, and was enlarged and permitted to go at will, the hirer has no authority to retake him, and there is not such a voluntary escape as comes within the purview of said statute.

APPEAL from the County Court of Karnes. Tried below before Hon. W. A. LITTLE, County Judge.

Appellant was convicted as a county convict who had willfully and unlawfully escaped from his hirer, the punishment being assessed at five days' imprisonment in the county jail.

Appellant was arrested for some offense, the nature of which is not disclosed, and the County Court held a special term to try and dispose of the case, upon his plea of guilty. He was convicted at said special term, and a fine of $10 was assessed as his punishment. Failing to pay the fine and costs adjudged against him, he was hired out as a county convict to J. M. Reagan. This prosecution was for an alleged escape from, and during the period for which he was hired to, Reagan. The other essential facts are sufficiently stated in the opinion.

*Graves & Wilson,* for appellant.—1. The court erred in overruling the motion in arrest of judgment, because neither the complaint nor information charged that "the defendant had been convicted of a misdemeanor or petty offense." They simply charged that defendant was a "county convict," and had been hired out, etc. Penal Code, art. 218.

2. The court erred in admitting, over defendant's objection, the convict bond, because it showed upon its face that said conviction was had at a special term of the County Court, there being no authority by which a County Court can hold special terms. The Acts of the Twenty-second Legislature, chapter 53, page 69, do not authorize it, because that purpose is not stated in the caption of the bill. Const., art. 3, sec. 35; Acts 22nd Leg., p. 69.

3. The evidence is insufficient to show an escape, but shows that defendant left Karnes County with the consent of his hirer, and went to another county.

*Mann Trice,* Assistant Attorney-General, for the State.—J. M. Reagan, witness for the State, and to whom appellant was hired, admits that appellant left his custody, in the county in which he lived, by and with his consent. This does not seem to bring the case within the purview of article 218 of the Penal Code, and as the term "escaped" is con-

strued in Carter v. The State, 29 Texas Criminal Appeals, 7, in this: the prisoner, appellant, did not unlawfully regain his liberty and freedom from the authority and control of the said Reagan.

HENDERSON, JUDGE.—The appellant in this case was a county convict, and was hired by the authorities of the county of Karnes to one John M. Reagan, said hirer executing a bond to the county in accordance with article 3604, Revised Statutes. After said Reagan had hired him, he made an affidavit against him under article 218, Penal Code, charging him with an escape. The appellant was arrested in De Witt County and brought back to Karnes County, and the County Court convened in special session, and appellant entered a plea of guilty. The court fined him $5, and from the judgment in said case he prosecutes this appeal. We do not think the contention of appellant that the County Court had no right to convene in special session to try him well founded. The County Court appears to have convened in order to receive appellant's plea of guilty. The Act of the Twenty-second Legislature, approved April 4, 1891, authorizes County Courts to hold special terms to receive pleas of guilty, and the caption of said act, as follows, to wit, "An act to facilitate the disposition of certain criminal cases," sufficiently indicates and embraces the subject matter of same.

We also think the complaint and information in this case sufficiently charges the offense under article 218. The article in question provides, "that any person who has been convicted of a misdemeanor or petty offense and afterwards hired out," etc., "shall escape," etc. The complaint, instead of alleging that the defendant had been convicted of a misdemeanor, charges "that he was a county convict," etc. Article 3586, Revised Statutes, defines who are county convicts, to wit, "Any person who may have been convicted of a misdemeanor or petty offense." This article is found in the chapter of the Revised Statutes concerning the hiring of county convicts. In our opinion, the language used in the complaint, to wit, "that said N. Porter was a county convict," is a sufficient allegation that he "had been convicted of a misdemeanor," and authorized proof of such conviction. The material question for our determination in this case, however, is, does the proof show that appellant escaped from his employer, Reagan? There appears to be no controversy as to the evidence on this point. The proof showed, that appellant had been convicted of a misdemeanor in Karnes County, and his fine and cost amounted to $45.80; that Reagan hired him from the county authorities, and executed his bond to the county judge on the 1st of May, 1894. About the middle of May, on request of defendant, said Reagan permitted him to leave the county of Karnes and go to another county, with the understanding, that on the 1st of June, and every month thereafter, defendant would send him back $8 (which was the monthly rate of hiring), until said fine and costs should be paid off; that, if defendant

failed to send the money, he was to return; that Reagan let appellant go, relying on his promise to make monthly payments. Defendant left Karnes County with Reagan's full consent. All that he wanted was for defendant to send the money back, which, if he had done, he would not have made the complaint against him for an escape. The appellant did not send any money to Reagan, and did not return, and on the 20th of July, 1894, said Reagan made complaint against him for an escape, and sent a warrant to De Witt County, where defendant was arrested, and brought back to Karnes County.

The object of the act with reference to the hiring of county convicts, and to punish convicts who, having hired out, should escape from the hirer, was for the purpose of protecting the employer in his contract with the county, and giving him some means to enforce it; but we believe the act in question contemplates a hiring and service in the county of conviction, and not outside of the county. Conceding, however, that a valid hiring can be made for service outside the county, the law certainly apprehends that there must be some personal supervision and control of the convict, and not a relinquishment of such control. "A voluntary escape is where an officer, having the custody of a prisoner charged with and guilty of an offense, knowingly gives him his liberty, with intent to save him from his trial, or execution of his sentence." 4 Blacks. Comm., 129. "It is a voluntary escape to allow the person arrested to go at large upon his promise to appear the next day and give bail, even though he voluntarily surrendered himself in terms of the promise." Richardson v. Rittenhouse, 40 N. J. Law, 230. In a criminal case, where an officer has voluntarily suffered an escape, he has no authority to retake the prisoner without a new warrant, although, if the party return, the officer may lawfully detain him. 6 Am. and Eng. Encyc. of Law, p. 853d; Doyle v. Russell, 30 Barb., 300. In this case, if there was an escape at all, it was a voluntary escape—i. e., with the consent of the hirer—and, as we have seen, he had no authority to retake him. It will be observed, however, that this is not a case against an officer (the hirer in this case) for an unlawful escape, but the offense charged is against the escaping party, and the gist of the offense is that he willfully and voluntarily left the services of his employer (the bondsman in this case). The record discloses that he had his permission to go to another county, and that he did not expect him to return, but to send him the money with which to pay his fine and costs. Is this a voluntary escape, such as should subject him to a punishment? The most that he did was failing to return according to his promise, if he did not send the money back. In our opinion, the law does not contemplate the punishment for the failure of a party to return to service who has once been freely and voluntarily enlarged and permitted to go at will.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.